IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JARED GLENN DOUGLAS § | | |
| TDCJ-CID #10121220 § | | |
| § | | |
| VS. § | C.A. NO. C-08-158 | |
| § | | |
| NUECES COUNTY JAIL, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION FOR FAILURE TO PROSECUTE**

On May 15, 2008, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs against the Nueces County Jail and Christus Spohn Memorial Hospital. (D.E. 1). For the reasons stated herein, it is respectfully recommended that plaintiff's complaint be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

**I.   Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.   Procedural background.**

On March 14, 2008, plaintiff arrived at the Nueces County Jail. Upon his arrival, he met with a nurse from Christus Spohn Memorial Hospital. Plaintiff told her that he was under the care of Dr. Derek at the Medical Arts Clinic of Aransas Pass, and that he had been taking 6mg. of Alprazolam (Xanax) for anxiety for the past four years. Plaintiff told the nurse that he had been advised by Dr. Derek to not stop taking the medicine abruptly because

he might suffer seizures or even die.  Plaintiff was frightened to not have his medicine, but the nurse refused to give him any medication.  By the second or third day at the Jail, plaintiff began having seizures.  He did not know who he was or where he was.  The Jail staff responded by locking him in a holding cell.  Plaintiff had hallucinations of being murdered, and he soiled himself.  During this time, he requested to see a doctor or to go to the hospital, but his requests were denied.

On May 15, 2008, plaintiff filed suit alleging that Nueces County Jail and Christus Spohn Memorial Hospital alleging that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  (D.E. 1).  At the time he filed suit, plaintiff listed his return address as the Nueces County Jail.  Id. at 6.

On May 22, 2008, an evidentiary hearing was scheduled to be held on June 26, 2008 to afford plaintiff an opportunity to better explain his claims.   To that an end, a writ of habeas corpus ad testificandum was issued to secure plaintiff's presence at the hearing.  (D.E. 6). When the U.S. Marshal attempted to serve the writ on plaintiff at the Jail, the Marshal was advised that plaintiff had been released.  Plaintiff had not notified the Clerk of the Court of his new address.  Plaintiff failed to appear at the June 26, 2008, evidentiary hearing.

By Order to Show Cause entered June 26, 2008, plaintiff was instructed to show cause within ten (10) days of the date of entry of the order why his action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to follow court orders. (D.E. 9).  A copy of the order sent to plaintiff at his last known address was returned as undeliverable.  (D.E. 10).

### III. DISCUSSION

**A.    Rule 41(b).**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal: Effect Thereof.**    For failure of plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Thus, Rule 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v Lynaugh, 835F.2d 1126, 1127 (5th Cir. 1988).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  Boudwin v. Graystone Ins. Co., 765 F.2d 399, 401 (5th Cir. 1985).

Here, plaintiff was given ample notice that he must keep the court appraised of his change of address.  He has refused or declined to do so.  The Court is not required to delay disposition in this case until such time as plaintiff provides his current address.  Thus, it is respectfully recommended that plaintiff's action be dismissed.

In general, a Rule 41(b) dismissal is considered an adjudication on the merits. See Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits,"

unless otherwise specified; Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).  There is no basis for dismissing plaintiff's claims with prejudice at this juncture. See Callip, 757 F.2d at 1519.  Thus, it is respectfully recommended that this action be dismissed without prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

Respectfully submitted this 12th day of August, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).